**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4574**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DE'ANGELO BROWN, a/k/a DeAngelo Deon Brown,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., District Judge. (3:06-cr-00347-JAG-1)

Submitted: January 28, 2020                                  Decided: March 23, 2020

Before KING, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Alexandria, Virginia, Paul C. Gill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia for Appellant.  G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Angela Mastandrea-Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After De'Angelo Brown pled guilty to distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2018), the district court sentenced him to 120 months' imprisonment and a 5-year term of supervised release. Brown began this first term of supervision in November 2011. In November 2013, the district court found that Brown violated the terms and conditions of his supervised release and imposed an additional 18-month sentence and 32-month term of supervision. Brown completed the revocation sentence and commenced his second term of supervised release in March 2017. In June 2019, Brown's probation officer filed a Supervised Release Violation Petition ("Petition"). At the revocation hearing, Brown admitted the three Grade C violations alleged in the Petition, and the district court sentenced Brown to 24 months' imprisonment, with no additional term of supervision. Brown appeals, challenging only his revocation sentence. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that "is within the prescribed statutory range and is not plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2018) factors. *United States v. Slappy*, 872 F.3d 202, 207

2

(4th Cir. 2017); *see* 18 U.S.C. § 3583(e) (2018). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted).

Brown first asserts that the district court committed plain procedural error by focusing myopically on Brown's drug abuse and, thus, failing to consider the other § 3553(a) sentencing factors relevant in the supervised release revocation context. *See* 18 U.S.C. § 3583(e). However, review of the record confirms that it was Brown's repeated breaches of the court's trust, demonstrated vis-à-vis Brown's ongoing refusal to comply with multiple terms and conditions of his supervision, that drove the court's sentencing determination. Any other considerations, including that Brown's drug addiction caused or contributed to his difficulties in complying with his supervision, were treated as secondary, and properly so. *See Webb*, 738 F.3d at 641 (recognizing that the imposed revocation sentence "should sanction primarily the defendant's breach of trust" (internal quotation marks omitted)).

Brown next contends that the district court violated the Supreme Court's ruling in *Tapia v. United States*, 564 U.S. 319 (2011), and this court's decision in *United States v. Bennett*, 698 F.3d 194, 199 (4th Cir. 2012) (explaining that *Tapia* prohibits the sentencing court from causally relating "the fact or length of imprisonment" to defendant's rehabilitative needs), by basing its sentencing decision on Brown's drug addiction and its perception of Brown's need for drug treatment. But the record reveals that, while the court expressed concern as to Brown's ability to overcome his drug addiction, it was Brown's

3

refusal to abide by the terms of his supervision—which included failing multiple drug screens, not reporting to his probation officer as directed, and inconsistent participation in mandated mental health and drug treatment sessions—that drove the court to impose a sentence in excess of that sought by the defense. Because nothing in the record expressly and causally linked the selected 24-month sentence to the court's perception of Brown's need for drug treatment, we find no *Tapia* error in this case.

Accordingly, we affirm the revocation order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*